CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 18 2014
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| HAROLD E. LEONARD, ) | |
| ) | Civil Action No. 1:13CV00029 |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | Hon. Glen E. Conrad |
| ELECTRO-MECHANICAL CORPORATION, ) | Chief United States District Judge |
| ) | |
| Defendant. ) | |

On April 5, 2014, the court granted summary judgment in favor of the defendant on the plaintiff's claims under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12117, and the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601-2654. The plaintiff has now moved to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. For the following reasons, the motion will be denied.

"A Rule 59(e) motion may be granted only in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice.'" Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). "It is an extraordinary remedy that should be applied sparingly," and only in "exceptional circumstances." Id. The rule "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) (internal citation and quotation marks omitted).

Applying these principles, the court concludes that the plaintiff is not entitled to relief under Rule 59(e). In his motion, the plaintiff asks the court to reconsider its ruling that an independent medical examination required by the defendant was "job-related and consistent with business necessity." See 42 U.S.C. § 12112(d)(4)(A). However, the plaintiff does not point to any recent change in the controlling law, newly discovered evidence, or clear error which would merit an alteration or amendment to the court's opinion and order. Instead, he merely attempts to distinguish his case from some of those cited by the court. While the plaintiff may disagree with the court's decision on this issue, "mere disagreement does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993); see also Pritchard v. Wal-Mart Stores, Inc., 3 F. App'x 52, 53 (4th Cir. 2001) ("When the motion [for reconsideration] . . . merely requests the district court to reconsider a legal issue or to 'change its mind,' relief is not authorized.") (quoting United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982)). Accordingly, the plaintiff's motion to alter or amend the summary judgment ruling will be denied.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 17th day of June, 2014.

_____
Chief United States District Judge